442 A.2d 275

**James E. BARNES, Appellant,**

v.

**Shirley M. BARNES.**

Superior Court of Pennsylvania.

Argued April 14, 1981.

Filed Feb. 26, 1982.

Henry A. Hudson, Jr., Greensburg, for appellant.

Shirley M. Barnes, appellee, in pro. per.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

CAVANAUGH, Judge:

This appeal is taken from a custody order entered by the Court of Common Pleas of Westmoreland County following hearings on a petition to modify a previous custody order. The appellant asks us to reverse the lower court's order or, alternatively, to remand the case for a more extensive evaluation of the testimony. Appellee also requests that the case be remanded, but for entirely different reasons. She alleges that her counsel was "incompetent" in that he failed to present important evidence relevant to her fitness as the primary custodial parent. She desires an opportunity to

present such evidence at a new hearing. We agree that a remand is necessary.

The dispute in this case concerns custody of the parties' two daughters. The original order, entered August 1, 1978, stipulated that custody was awarded on a shared basis. The children were to reside with their mother, appellee, from Monday through Friday, and with appellant every weekend.

On September 27, 1979, appellant filed a petition requesting that appellee be found to be in contempt of court for refusing to abide by the provisions of the order and also requesting that the order be modified to provide that primary custody be with appellant. Following two hearings on the petition, the lower court entered a new order directing that primary custody remain with appellee during the school year, with appellant to have custody two weekends per month, and that appellant have primary custody during the summer, with appellee to have weekend visitation rights twice a month.

This court has broad discretion to review custody orders. See In re Custody of White, 270 Pa.Super. 165, 411 A.2d 231 (1979) and cases cited therein. In order to facilitate this broad review, "we have consistently emphasized that the hearing court must provide us not only with a complete record, but also with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision." White, supra, 270 Pa.Super. at 167–68, 411 A.2d at 233 (citation omitted).

The opinion entered by the trial court in this case discusses only two changes in circumstances since the original order was entered. First, only the mother was living with a paramour at the time of the original order, while both parties were living with persons to whom they were not married at the time of the hearing on the petition for a modification. Secondly, the appellee had moved since the time of the original hearing to a place which was a forty

minute drive from appellant's residence, while the parties had lived only twenty minutes apart before the appellee's move. The opinion does not discuss the testimony presented in support of appellant's allegation that appellee has repeatedly interferred with his rights to weekend visitation. It also contains no reference to the testimony of the children which was taken in chambers.

■  While we recognize that this hearing did not involve an initial custody determination, we nevertheless feel that the opinion does not comply with the requirements set forth in *White, supra,* and therefore we find it necessary to remand the case. However, we do not agree with appellant's contention that the lower court must address every issue raised at the hearings. Much of the "testimony" in this case consisted of unsupported or irrelevant accusations. The court need only discuss testimony which is credibly relevant to a determination of whether there are changed circumstances in this case which warrant a change in custody.[1]

Since well over a year has elapsed since the order in question was entered, the court should permit a new hearing on remand so that evidence can be presented to reflect current circumstances. Following the hearing the court shall file an opinion containing a discussion of all relevant testimony as well as an order regarding custody.

Order vacated. Case remanded for further proceedings. We do not retain jurisdiction.

Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court.

1.  Appellant also alleges that the lower court improperly ordered him to provide visitation with the maternal grandparents while he had custody of the children. The court made no such order. It merely ordered Mrs. Barnes not to interfere with visitation by the maternal grandparents if Mr. Barnes wished to provide the opportunity for such visitation while the children were with him. No affirmative duty to provide the visitation was placed on appellant.